UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CHRISTOPHER BALLIN** | ) | **ECF CASE** |
| | ) | |
| **Plaintiff** | ) | **Case No.** |
| **vs.** | ) | |
| | ) | **CIVIL COMPLAINT** |
| **ADMIN RECOVERY, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Christopher Ballin, by and through his undersigned counsel, Bruce Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Christopher Ballin, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that the Defendant conducts business and maintains a primary location in this District.

### III.  PARTIES

4.     Plaintiff, Christopher Ballin, is an adult natural person residing in Miramar, Florida 33325.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Admin Recovery, LLC, ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of New York with its principal place of business located at 5930 Main Street, Williamsville, NY 14221.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.     In or around September, 2011, Plaintiff started to receive collection calls from Defendant collecting on an alleged debt owed on a Music Art & Enterprise account.

8.     At that time, Plaintiff informed the Defendant that he had retained the services of personal legal counsel to assist with his debt settlement negotiations and that they needed to contact them directly in this matter.

9.     Defendant continued to call the Plaintiff.

10.     Defendant informed the Plaintiff that they could not work with his attorney on a 'unsecured loan".

11. Plaintiff was told that he needed to pay the full debt amount immediately.

12. Plaintiff was said to owe a balance of approximately $3,588.00.

13. On or about September 9, 2011, Plaintiff's attorney issues a cease and desist letter to the Defendant. **See "EXHIBIT A" (letter) attached hereto**.

14. Defendant continued to call the Plaintiff.

15. Despite knowing that the Plaintiff was represented by an attorney, the Defendant continued to call the Plaintiff and demand money.

16. Plaintiff was told that the Defendant wanted their money and that he needed to stop avoiding them because this was not a game.

17. Plaintiff reminded the Defendant that they had been sent a cease and desist letter and that they needed to abide by the request not to call him.

18. Defendant stated that the Plaintiff's attorney was worthless and that the cease and desist letter meant nothing.

19. During this time, the Plaintiff also started to receive calls to his place of employment.

20. Defendant placed several calls to the Plaintiff's boss informing him that the calls were in regards to an outstanding debt.

21. On one occasion, Defendant was speaking to Plaintiff's boss and insisted that it was the Plaintiff disguising his voice

22. During this call, the Defendant who still thought he was speaking to the Plaintiff threatened the Plaintiff's boss that he better stop playing games and pay off his debt.

23.    Defendant's agent went further and asked Plaintiff's boss if he wanted a police officer to show up at his door.

24.    Plaintiff's boss continued to inform the agent that he was not speaking with the Plaintiff.

25.    Defendant finally ended the call.

26.    On or about September 27, 2011, Defendant sent a letter to the Plaintiff stating that the decision had been made to have the Plaintiff's account "merchandise released". **See "EXHIBIT B (letter) attached hereto**.

27.    Plaintiff was to release the merchandise from this account to the Defendant in intact and good condition.

28.    Once the merchandise was released then the Plaintiff's account would be marked at $0.00 and the Defendant would mark the account as paid.

29.    Plaintiff had to release this merchandise by September 30, 2011, at 5:00 PM EST, for this offer to be validated.

30.    This letter now had Plaintiff's balance at $4,347.07.

31.    Plaintiff continues to receive calls from Defendant demanding payment on this account.

32.    Plaintiff worries that his employment could be in jeopardy.

33.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

34.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

35.     The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

36.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

37.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

39.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

40.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

41.     The above paragraphs are hereby incorporated herein by reference.

42.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

43.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time and place known to be  inconvenient |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(6) | Taken or unlawfully threaten to repossess or disable the consumer's property |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Admin Recovery, LLC, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  December 14, 2011**          **BY: _____**

Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff
<u>bkw@w-vlaw.com</u>